Borrodaile *v.* Leek.

---

Same Term. *Before the same Justices.*

BORRODAILE, sheriff, &c. *vs.* LEEK and another.

Where, in an action brought before a justice, against a sheriff, for an escape, it becomes material to inquire at the trial, at what time the summons by which the suit was commenced, was issued; and there is evidence tending to show that the summons was illegal and void, by reason of its not having been issued by the justice in person, but by his clerk, in pursuance of his directions; the defendant has a right to have submitted to the jury the questions, what were the instructions given by the justice to his clerk, and whether they were complete, so as to enable the clerk to issue the summons without the exercise of any discretion on his part, or directions from any other person.

If the court takes those questions from the jury, and decides that the summons was lawfully issued, the judgment will be reversed, and a new trial granted.

A justice of the peace can not delegate any part of his official power or authority to another.

Yet *it seems* that he may depute another to do a specific act, without vesting in him any discretion.

ERROR to the late court of common pleas of Wayne county. The case originated in a justice's court.

The defendants in error recovered judgment against the plain-

Borrodaile *v.* Leek.

tiff in error, before the justice, for $78,48 including costs, on the 5th of Dec. 1846, from which he appealed to the common pleas of Wayne county. The trial came on in the court of common pleas, in January, 1847, when the defendants in error again recovered judgment for debt $73,90, and $46,25 costs. The trial was by a jury. The plaintiff in error excepted to several rulings of the court below, which, with the facts of the case, sufficiently appear in the following opinion

*T. R. Strong*, for plaintiff in error.

*William Clark, jr.*, for defendants in error.

*By the Court*, WELLES, P. J. The action in the courts below was debt, for the escape of one Riley, who had been charged in execution at the suit of the defendants in error, who were the plaintiffs before the justice. The plea was *nil débet*, with notice of a voluntary return before suit, &c. Upon the trial it became material to show when the suit against the sheriff, for the escape, was commenced. One of the plaintiffs in the court below, with one ·Moon, a constable, called upon Mr. Jamieson, the justice, for a summons or summonses against the sheriff, for the escape of Riley. This was early in the morning. The justice was not at his office, and told them to go down to his office, and tell Mr. McKenzie to issue the summonses. They accordingly went, and McKenzie, who was a clerk of the justice, filled out the summons by which this suit was commenced before the justice, and delivered it to Moon, the constable, who served it. It appeared by the testimony of Jamieson and McKenzie, that the former had signed a number of summonses in blank, and put them in a particular place in his office, and had given McKenzie general authority to fill them up and issue them, as people should call for them in his absence. That Jamieson, the justice, was not present when the summons in question was issued. A short time after it was issued, and during the same morning, the justice, on being told that the words " sheriff of the county of Wayne," were not added to the name of the de-

fendant in the summons, directed the constable to go to Mr. Mc-Kenzie and have those words inserted, which was accordingly done.

Riley was proved to have been off the limits the same morning, and before the summons was issued, and probably remained off until after it was issued. Evidence was given on both sides on the question, what time he returned, whether before the alteration of the summons or afterwards.

The evidence to show the directions to McKenzie from the justice, in relation to filling up and issuing the summons, and as to what was done by McKenzie, was the testimony of Jamieson, Moon and McKenzie, from all of which, I think it is to be gathered, that the justice had previously given McKenzie general authority to issue summonses, to which he had put his name, and which he had placed at the disposal of McKenzie, who was to fill them up and issue them at his discretion, in the absence, and without the knowledge of the justice, and that McKenzie had been in the habit of doing so. That in this particular case, Jamieson, on being applied to for the summons by one of the plaintiffs below, who was in company with Moon, the constable, referred them to McKenzie, who filled up and issued the summons under the direction of Moon, or of him and one of the plaintiffs, in the absence of the justice.

The court of common pleas charged the jury, that the suit was lawfully commenced at the time the summons was first issued; that the amendment afterwards made, was immaterial; and that the suit was commenced when the summons was first put into the hands of the constable. The counsel for the defendant in the common pleas requested the court to charge the jury, that the direction from the justice to McKenzie, to fill up and issue the summons, was not sufficient, unless it contained complete instructions for the filling up of every material part of the process, without leaving any thing to the discretion of McKenzie; and that it was for the jury to find whether the directions contained these requisites, and whether McKenzie issued the process in pursuance of such directions. The court declined so to charge, and the defendant below excepted. After the

Borrodaile *v.* Leek.

plaintiffs below had shown Riley off the limits before the suit was commenced, the burthen was thrown upon the defendant to show a return before the suit for the escape was commenced, as that would form a good defense to the sheriff, in case of an involuntary escape. To determine this question, it became material to show when the suit was in fact commenced, as evidence was given tending to show a return of Riley to the limits on the day the summons in question was issued. If the summons was illegal and void, by reason of not having been issued by the justice in person, or for any other reason, then there was no commencement of the suit until the parties met and joined issue. I doubt very much whether it is competent for a justice of the peace to delegate any part of his official power or authority to another. Indeed, I feel prepared to go the length of saying, he can not. But admitting this would be carrying the doctrine too far, and that a justice may depute another to do a specific act, without vesting in him any discretion, I think in this case, the questions, what were the instructions sent by Mr. Jamieson to his clerk, Mr. McKenzie, in relation to issuing the summons in question, and whether such instructions were complete, so as to enable him to issue the summons without the exercise of any discretion on his part, or directions from any other person, were questions which the defendant below had a right to have submitted to the jury. They were questions which the court took from the jury entirely, deciding that the summons was lawfully issued, and that it was a question with which the jury had nothing to do.

For this error the judgment below should be reversed with costs, and a new trial ordered before the county court.

Judgment reversed.